Alleging total and permanent disability as a result of injuries to his left hand, plaintiff filed this suit for compensation at the maximum rate for a period not exceeding four hundred weeks. The defendants' answer denied that any compensation was due plaintiff beyond the six weeks previously paid.
The district court gave judgment for six weeks compensation at the rate of $20.00 per week and for nine additional weeks at the rate of 65% of the difference in the average weekly wage of $42.00 earned by plaintiff at the time of his injuries, and $23.75 earned by him after the accident, subject to a credit of $120.00. The plaintiff has appealed from the judgment.
It is not disputed that plaintiff was hurt on the job when a piece of pipe accidentally dropped on his left hand. The plaintiff contends that he is completely and permanently incapacitated from doing work of any reasonable character. The defendants contend that plaintiff has recovered and is now performing with another employer, the same type of work which he did before the accident, and that he earns more in his present occupation than he was earning when injured.
Dr. C.H. Mosley, who appeared as a witness for plaintiff, examined plaintiff shortly after the accident and again on the date of the trial in the lower court. On the first examination, Dr. Mosley found the plaintiff's left hand was swollen; a certain part of it fixed; the index finger split "Just like you would split a stick of *Page 863 
stove wood or something, in the second joint;" the distal portion of the metacarpal bone broken off, and the thumb joint was almost obliterated. As to plaintiffs condition on the day of trial, he said that he had a stiff forefinger that could not be used with much success, particularly if he were called upon to labor around machinery. The doctor further stated that plaintiff cannot bring his finger down and close his hand normally, and that such condition is sufficient to handicap Anderson in holding or lifting objects.
Dr. Mosley further testified that he is the medical examiner in connection with obtaining industrial workers, and that in that capacity he would not pass a laborer with an injury such as that of plaintiff's, and that when economic conditions become normal, Anderson would be at a great disadvantage in competing with other common laborers seeking employment.
The plaintiff testified that he is now employed by the Louisiana Veneer Company, his duties variously being rolling blocks, working on a table, lifting veneer and "bumping" around a lathe; that his occupation, which is classed as a common laborer, requires the full use of both hands; that he cannot as readily handle a cantilever hook to roll blocks with as he did before his injury; that his left hand bothers him and he has to wear gloves while working; that upon weather changes he experiences a certain amount of pain, and is somewhat handicapped in doing the tasks assigned him.
Dr. H.E. Guerriero, called by defendants, testified that he first saw Anderson on June 5, 1944 (the date of the accident); that his injuries consisted of severe bruises to the soft tissues of the index finger of his left hand, and that Anderson remained under his treatment until July 14, 1944, on which date he asked the doctor if he could return to work and was advised that he was able to do so. On cross-examination the doctor testified that he made no x-rays of plaintiff's hand, but that on the day plaintiff first came to him he opened plaintiff's left index finger to the bone and that he could visualize no broken bones in the finger, and for that reason he did not think it necessary to have an x-ray made. His summation of plaintiff's present condition is that Anderson has lost about 50% of the use of his left index finger.
Dr. W.L. Bendel also testified as an expert when called by defendants. His testimony was that he made an examination of plaintiff on June 1, 1945; that the left index finger showed a large scar with a keloid formation extending from the end or the point of the finger to about an inch into the palmar surface of the hand; that Anderson's finger was fixed in a curved flexion and that there existed about a 50% loss of complete flexion, which condition he attributed to the keloid scar.
Plaintiff, who is a colored man thirty-one years of age, with a fourth grade education, has done only work as a common laborer. After he was discharged by Dr. Guerriero he endeavored to obtain work with the Brown Paper Mill, where he had, at one time, worked, but the employment manager would not take him on the job on account of the condition of his finger. Plaintiff did secure employment with the Louisiana Veneer Company and was still employed by that company up to the date of the trial in the lower court. His weekly wage was comparable to that earned at the time of his injury.
[1] We conclude that plaintiff has suffered a partial loss of the use and function of his left index finger and a slight loss of free function of his left hand.
Paragraph 2 of subsection 1 (d), Section 8, of Act No. 20 of 1914, as amended, Act No. 242 of 1928, p. 357, provides: "For the loss of a first finger, commonly called the index finger, sixty-five per centum, of wages during thirty weeks." And in paragraph 15 is found the following provision: "In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such member as the disability to such member bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member." *Page 864 
[2] We think, under the evidence, that an allowance of seventy per centum loss of the use and function of the left index finger is proper, and he is, therefore, entitled to recover from the defendants 70% of the thirty weeks compensation that would have been allowed him in the event he had lost the whole use of the finger.
The judgment appealed from is amended by fixing the compensation due plaintiff as $20.00 per week for twenty-one weeks, with legal interest on matured installments from due date until paid, subject to a credit of $120.00.
And as so amended, the judgment appealed from is affirmed. Defendants to pay all costs.